ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bernafon, Inc.,

Plaintiff,

v.

Benson Medical Instruments Company,

Defendant.

Court File No. 02-777~~JRL/AJB~~ JEL/JGL

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

Plaintiff Bernafon, Inc. ("Bernafon") and Defendant Benson Medical Instruments Company ("Benson Medical"), by and through their respective duly authorized counsel of record, hereby stipulate and agree to the following Confidentiality Stipulation and Protective Order in the above-captioned matter.

During the course of discovery and trial, the parties may be under an obligation to disclose information and/or materials deemed to constitute confidential financial, commercial, or legal information. To expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to materials so entitled, it is, pursuant to the court's authority under Fed. R. Civ. P. 26(c) and with the consent of the parties, ORDERED:

1. Until further Order of this Court or stipulation of the parties, all discovery and hearing of this matter shall be subject to this Confidentiality Stipulation and Protective Order. The Court shall retain jurisdiction after the final disposition of this matter, for the purpose of enforcing the terms of this Protective Order.

FILED JUL 30 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD_____
DEPUTY CLERK_____

2. As used herein, "Counsel" shall mean those attorneys who are members or associates of any law firm employed by the parties, as well as any of counsel's respective secretaries, legal assistants or other staff.

3. The term "Documents" shall include, but not be limited to, correspondence, memoranda, bulletins, blue prints, specifications, sensitive financial information, minutes, telegrams, letters, statements, canceled checks, contracts, invoices, drafts, books of account, work sheets, notes of conversations, desk diaries, appointment books, expense accounts, recordings, photographs, motion pictures, computer discs or tapes, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, sketches, drawings, notes (including laboratory notebooks and records), reports, instructions, disclosures, models, prototypes, instructions, and any other writings included in Fed. R. Civ. P. 34(a).

4. All discovery material produced or exchanged in the course of this litigation shall be used solely for the purpose of this litigation, including motion and trial practice. It may not be used for any other purpose without the express written consent of all parties. This provision is applicable to all material and information produced by either party, regardless of whether designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL."

5. Each party to this litigation may designate any documents, things, interrogatory answers, deposition testimony, or other information which it has provided or which a third party has provided as "CONFIDENTIAL." Such designations shall be made at the time of production. Such information may include material which contains or reflects confidential research, development, commercial or financial information.

6. Each party to this litigation may designate any documents, things, interrogatory answers, deposition testimony, or other information which it has provided or which a third party has provided as "HIGHLY CONFIDENTIAL." Such information may include material which contains or reflects confidential research, development, commercial or financial information of such a sensitive nature that disclosure to persons other than litigation counsel and expert witnesses could be expected to result in injury to the producing party.

7. In the event the producing party elects to produce documents and things for inspection rather than produce copies of documents, no marking need by made by the producing party in advance of the initial inspection. Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents as may contain protected subject matter with the appropriate confidentiality marking at the time the copies are produced to the inspecting party. Said marking shall not delay the production of the copies. Information obtained by counsel from initial review of documents, whether in written form or not, shall be maintained as "HIGHLY CONFIDENTIAL" pending production of appropriately marked copies.

8. Whenever a deposition taken on behalf of any party involves a disclosure of "CONFIDENTIAL"or "HIGHLY CONFIDENTIAL" information of any party:

(a) Said deposition or portions thereof shall be designated as containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information subject to the provisions of this Order at the time the deposition is taken whenever possible; however, either party shall have until thirty (30) days after receipt of the deposition transcript within which to designate in writing to the other party to the action those portions of the transcript designated "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL" information and the right to make such designation shall be waived unless made within the thirty (30) day period;

(b) Any party shall have the right to exclude from attendance at said deposition, during such time as the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information is to be disclosed, every individual not entitled under the Protective Order to receipt of the information, excluding the deponent and the Court Reporter;

(c) The originals of the portion of said deposition transcript that contained "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall be designated by the Court Reporter with the applicable legend, and the original shall at the time of filing with the Court be sealed, identified as being subject to this Order, and not opened except by order of the Court or agreement of the parties.

9. Information shall be deemed and designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the following manner:

(a) By stamping the front page of each document with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL";

(b) By imprinting the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" next to each answer to interrogatory, response to deposition by written question, or response to request for admission;

(c) All deposition transcripts shall be treated as "HIGHLY CONFIDENTIAL" for a period of thirty (30) days after receipt of the transcript from the court reporter. Thereafter, only such portions of a transcript as are affirmatively designated in writing by a party to be confidential shall be confidential. The party designating a

portion of a deposition transcript as confidential shall provide written notice to all other parties by listing the page and inclusive line numbers of the designated material. In any deposition transcript in which any portion has been designated confidential, the court reporter or the party in possession of the original shall imprint the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the front page of the deposition transcript. A deposition containing confidential information shall not be filed with the Court unless placed in a sealed envelope bearing the designation hereafter provided in this paragraph;

(d) By describing in writing and in sufficient detail any non-written material and by providing written notice to all other parties that such non-written material shall be kept confidential; or

(e) By affixing to the canister or cassette of all video or audio tapes the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

In lieu of marking the original documents, the producing party may mark the copies that are produced or exchanged, and the fact that the original documents themselves may not contain the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" marking shall not constitute a waiver of confidentiality.

10. Any information designated "CONFIDENTIAL" shall not be disclosed to any person other than:

(a) The parties, their officers and directors;

(b) Counsel for the parties;

(c) Court personnel and employees;

(d) Employees of any party;

(e) Persons designated by the Court in the interest of justice, upon such terms as the Court deems proper;

(f) Persons noticed or subpoenaed for deposition or hearing testimony; and

(g) Outside consultants or experts retained to testify or assist counsel in litigation, upon execution by such outside consultant or expert of an agreement in the form of Exhibit A attached hereto.

Each individual identified above, to whom confidential information is to be disclosed, shall be shown a copy of this Protective Order and advised he or she is bound by its terms. Persons identified in subparagraphs (e), (f), and (g) shall be required to execute an agreement to comply with the terms of this Protective Order in substantially the form of Exhibit A before receiving or reviewing confidential information. Counsel for the party supplying confidential information to such persons shall be responsible for maintaining copies of said executed agreements.

11. Any information designated as "HIGHLY CONFIDENTIAL" shall be examined only by counsel and any outside consultants or experts retained by counsel to testify or assist counsel in this litigation. The parties agree that counsel will not divulge the contents of such information to any party or to any other third party at any time; this includes any notes or excerpts produced by examining counsel. All such designated information shall remain in the sole possession of the counsel to whom it was produced and the outside consultant or expert. It is also agreed that information or material so designated may not be used for any purpose other than the conduct of this litigation.

Each outside consultant or expert retained by counsel to testify or assist counsel in this litigation to whom "HIGHLY CONFIDENTIAL" information is to be given shall be required to execute an agreement in the form of Exhibit A before receiving any information designated as

"HIGHLY CONFIDENTIAL." Counsel for the party retaining said expert or consultant shall be required to retain copies of executed Exhibit A during the pendency of this litigation. Upon termination of this matter, or upon request of counsel, the party retaining an executed Exhibit A shall provide copies to counsel for the opposing party.

12. Any person to whom disclosure of confidential information is made pursuant to the terms of this Stipulation and Order shall use said information only for the purpose of this matter. All persons are forbidden from using any confidential information for any business, competitive or other purpose. Any prohibited use shall constitute contempt of this Order.

13. The inadvertent or unintended disclosure by the supplying party of confidential information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver of that party's claim of confidentiality. Nothing in this Stipulation and Order shall restrict a party or its counsel from using or disclosing information which they already possess or may be acquired by proper means, independent of the formal discovery process. Nothing in this Stipulation and Order shall be construed as a waiver by either party of their privileges under the attorney-client privilege or the attorney work-product doctrine.

14. A party shall not be obligated to challenge the propriety of another party's designation of information, and failure to do so shall not preclude any subsequent challenge thereto. In the event that any party disagrees with another's designation, the parties agree to attempt to resolve the dispute in good faith. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court, with the burden on the designating party to show the confidential nature of the material.

15. The Clerk of Court is directed to maintain under seal all documents, transcripts, affidavits, memoranda, or other papers filed in this litigation which have been designated

confidential. The party filing such material shall instruct the Clerk of Court in writing of the confidential nature of the material, and shall file the material in a sealed envelope marked "FILED UNDER SEAL PURSUANT TO COURT ORDER."

16. If counsel intends to introduce confidential material into evidence at hearing or trial, he/she shall so inform the Court and opposing counsel. The Court shall take such steps as it deems necessary to preserve the confidentiality of such information.

17. There shall be no reproduction whatsoever of any confidential information, except as required in this matter. Copies, excerpts, or summaries of confidential information, including affidavits, briefs, and memoranda may be shown or given only to those with authorized access under this Stipulation and Order.

18. Upon termination of this matter, including all appeals, counsel shall return to the furnishing party all discovery received from such party during the course of this matter, including all copies of discovery, excerpts and summaries, unless properly classified as attorney work product.

19. The obligations described herein are to be enforced for the period of this litigation and shall remain in effect subsequent to its termination so as to protect the confidentiality of designated material. This Court shall retain continuing jurisdiction over this matter, even after final disposition, for purposes of enforcing this Stipulation and Order.

20. The parties hereto stipulate and agree that a Protective Order in the form hereto attached may be entered by the Court.

21. Violations of this Stipulation and Order shall be subject to the contempt power of the Court or any other appropriate court upon application and such other sanctions as the Court may deem appropriate.

Dated: July 24, 2002

KINNEY & LANGE, P.A.

David R. Fairbairn (MN # 28125)
Michael J. Pape (MN # 26989X)
Dina M. Colling (MN # 284968)
The Kinney & Lange Building
312 South Third Avenue
Minneapolis, MN 55415-1002
(612) 339-1863

ATTORNEYS FOR PLAINTIFF
BERNAFON, INC.

Dated: July 19, 2002

MACKALL, CROUNSE & MOORE, PLC.

Joanne H. Turner (MN # 235787)
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, MN 55402
(612) 305-1400
(612) 305-1414 (facsimile)

ATTORNEYS FOR DEFENDANT
BENSON MEDICAL INSTRUMENTS
COMPANY

**EXHIBIT A**

**AGREEMENT TO COMPLY WITH PROTECTIVE ORDER**

I hereby acknowledge receipt of materials or information designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" by one or both parties to this case. I certify my understanding that such material is provided to me pursuant to the terms and restrictions of an Order of the Court in the litigation entitled Bernafon, Inc. v. Benson Medical Instruments Company, Civil No. 02-777 (JEL/AJB), in the United States District Court for the District of Minnesota, and that I have been given a copy of and have read said Order. I understand that I am to make no copies of any of the aforesaid documentary material and that it is to remain in my personal custody until I have completed my assigned duties, whereupon I will return it to counsel who provided me with said material. I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order. I also agree not to disseminate such information, except for purposes of this litigation and as permitted by said Order or a further Order of the Court.

Dated: ______________________ Signed: __________________________

**PROTECTIVE ORDER**

Pursuant to the stipulation of the parties and the Court's authority:

IT IS HEREBY ORDERED:

1. The foregoing Stipulation of the parties shall be and hereby is adopted as the Order of this Court, and the parties are directed to comply fully with its terms.

2. The Clerk of Court is directed to maintain the confidentiality of the documents filed in accordance with the foregoing stipulation.

Dated: 7-29, 2002 ____________________

____________________
Magistrate Judge

JHT/jht/629530.1
87723/1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.