**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**BERNAFON, INC.**,

Plaintiff,

v.

**BENSON MEDICAL INSTRUMENTS COMPANY**,

Defendant.

Civil No. 02-777 (JNE/JGL)

**ORDER**

**BERNAFON, INC.**,

Plaintiff,

v.

**BENSON MEDICAL INSTRUMENTS COMPANY**,

Defendant.

Civil No. 02-3466 (JNE/JGL)

APPEARANCES

David Fairbairn, Esq., Michael Pape, Esq., and Dina Khaled, Esq., on behalf of Plaintiff

Joanne Turner, Esq., on behalf of Defendant

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter is before the undersigned Chief Magistrate Judge of District Court on Defendant's Motion for Leave to File Dispositive Motions and to Extend the Applicable Page Limits (Doc. No. 27 in

FILED JUL 15 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.______
DEPUTY CLERK______

Case No. 02-CV-777, and Doc. No. 14 in Case No. 02-CV-3466). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

**DISCUSSION**

This motion arises in the context of two patent infringement cases. Defendant's instant motion is best described as a motion to amend the pretrial scheduling order to allow it to file dispositive motions.

Modifying a pretrial scheduling order requires a showing of good cause by the moving party. See Fed. R. Civ. P. 16(b). Good cause requires the party seeking the extension to show diligence in attempting to comply with the schedule. See Fed. R. Civ. P. 16(b) advisory committee's note (1983); Bradford v. Dana Corp., 249 F.3d 897, 809 (8th Cir. 2001); Archer Daniels Midland v. Aon Risk Services, Inc., 187 F.R.D. 578, 583 (D. Minn. 1999). Rule 16(b) focuses on the showing of good cause and diligence by the movant, not whether the non-movant will be prejudiced. See Luigino's Inc. v. Perzrow Co., Inc., 178 F.R.D. 523, 525 (D. Minn. 1998).

In this case, Defendant has not provided good cause to amend the pretrial scheduling order. In fact, Defendant does not even attempt to articulate good cause. Defendant seems to be arguing that since depositions were not completed until June 5, 2003, and since a Markman hearing has not yet been conducted yet in this case, good cause exists. The Court disagrees.

Moreover, the instant motion was not timely filed. The deadline for filing nondipsositive motions was June 16, 2003. (Pretrial Sched. Order at 2.) The instant motion was filed on June 24, 2003. Therefore, Defendant's motion is denied.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Defendant's Motion for Leave to File Dispositive Motions and to Extend the Applicable Page Limits (Doc. No. 27 in Case No. 02-CV-777, and Doc. No. 14 in Case No. 02-CV-3466) is **DENIED**.

Dated: July 15, 2003

JONATHAN LEBEDOFF
Chief United States Magistrate Judge